AARON D. LOVAAS, ESQ. SBN 5701
DAVID L. EDELBLUTE, ESQ. SBN 14049
NEWMEYER & DILLION LLP
3800 Howard Hughes Pkwy, Suite 700
Las Vegas, Nevada  89169
Telephone: (702) 777-7500
Facsimile: (702) 777-7599
Aaron.Lovaas@ndlf.com
David.Edelblute@ndlf.com

Attorneys for Defendants
NORTHLAND MECHANICAL CONTRACTORS,
INC., a/k/a NORTHLAND MECHANICAL
SERVICES a/k/a NORTHLAND MECHANICAL
SOLUTIONS and SCIENCE CENTER DRIVE,
LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA CORPORATE HEADQUARTERS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SELLERS PLAYBOOK, INC., a Minnesota Corporation; MATTHEW R. TIEVA, an individual; JESSIE C. TIEVA, an individual; SELLERS ONLINE, assumed named; SELLERS SYSTEMS, assumed name; NORTHLAND MECHANICAL CONTRACTORS, INC., a Minnesota Corporation a/k/a NORTHLAND MECHANICAL SERVICES a/k/a NORTHLAND MECHANICAL SOLUTIONS; SCIENCE CENTER DRIVE, LLC, a Minnesota Limited Liability Company; EXPOSURE MARKETING COMPANY, a Minnesota Limited Liability Company; DOES I through X and ROE Corporations or Business Entities I through X, inclusive,<br><br>Defendants. | CASE NO.: 2:18-cv-01842-JCM-GWF<br><br>**NORTHLAND MECHANICAL CONTRACTORS, INC. and SCIENCE CENTER DRIVE, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT** |

///

///

Defendants NORTHLAND MECHANICAL CONTRACTORS, INC. and SCIENCE CENTER DRIVE, LLC ("Northland" and "Science," respectively), by and through their attorneys of record, the law firm of Newmeyer & Dillion, LLP, hereby submit their Opposition to Plaintiff's Motion to Remand to State Court [ECF No. 15] ("Opposition") and request that the same be denied in its entirety. This Opposition is made based on the following points and authorities, the pleadings and papers on file herein, and such other information as the Court may wish to consider.

Dated: this 12th day of October, 2018        NEWMEYER & DILLION LLP

By: /s/Aaron D. Lovaas, Esq.
AARON D. LOVAAS, ESQ. SBN 5701
DAVID L. EDELBLUTE, ESQ. SBN 14049
3800 Howard Hughes Pkwy, Suite 700
Las Vegas, Nevada  89169
Telephone: (702) 777-7500
Facsimile: (702) 777-7599

Attorneys for Defendants
NORTHLAND MECHANICAL
CONTRACTORS, INC. and SCIENCE
CENTER DRIVE, LLC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff, NEVADA CORPORATE HEADQUARTERS, INC.'s ("NCH") Motion to Remand to State Court ("Motion") seeks remand under 28 U.S.C. § 1447(c) based on extraneous, inconsequential jurisdictional arguments which do not support remand.

On August 22, 2018, NCH served Northland and Science with its Summons and Complaint through their statutory agent in the State of Minnesota. *See Summonses* [ECF No. 1, pp. 5-8]. On September 21, 2018, Northland and Science filed their Notice of Removal pursuant to 28 U.S.C. §§ 1441(b) and 1446, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). *See Notice of Removal* [ECF No. 1]. Attached to the Notice of Removal were copies of all process, pleadings,

and orders in the action. *Id.*; *see also* 28 U.S.C. §§ 1441(a). Northland and Science then proceeded to serve written notice to all parties of the removal of the case and electronically filed the same in state court on September 24, 2018. The remaining Defendants joined and consented to removal on October 3, 2018. *See Joinder in and Consent to Notice of Removal* [ECF No. 9].

Pursuant to 28 U.S.C. § 1446(a), Northland and Science included a short and plain statement of the grounds for removal under 28 U.S.C. § 1332(a). Northland and Science are citizens of the State of Minnesota, while NCH is a citizen of the State of Nevada. Further, the amount in controversy exceeds $75,000, based on NCH's representation that its damages are in excess of $1,000,000.

## II. NCH'S MOTION MUST BE DENIED.

Northland and Science clearly demonstrate the requisite elements of diversity jurisdiction under 28 U.S.C. § 1332 in the Notice of Removal. Accordingly, the Motion must be denied.

### A. Northland and Science Have Adequately Established Diversity Jurisdiction.

This Court's diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1). A notice of removal need only include a plausible allegation as to the citizenship of the parties and "that the amount in controversy exceeds the jurisdictional threshold." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). In determining the amount in controversy, courts look first to the complaint. *Ibarra*, 775 F.3d at 1197 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L.Ed. 845 (1938) ("the sum claimed by the plaintiff controls if the claim is apparently made in good faith.")). A removing party's notice of removal need not "meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint." *Dart*, 135 S. Ct. at 553 (citation omitted) (holding that the legislative history of § 1446(a) shows that Congress borrowed the "short and plain statement" standard from Rule 8(a)). "No evidentiary support is required, and the Court should accept a defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Id.*

Northland and Science have properly demonstrated the diverse citizenship of the parties and

- 3 -

1  the amount in controversy. The Notice of Removal clearly states that Northland is a Minnesota
2  corporation with its principal place of business in the State of Minnesota. *See Notice of Removal*
3  [ECF No. 1]. *See Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)
4  ("[A] corporation is a citizen only of (1) the state where its principal place of business is located,
5  and (2) the state in which it is incorporated."); *see also* 28 U.S.C. § 1332(c)(1). The Notice of
6  Removal is also clear in stating that Science is a Minnesota limited liability company with its
7  principal place of business in the State of Minnesota and that the individual members thereof are
8  incorporated and/or organized in, has its principal place of business in, and/or resides in a state
9  other than Nevada. *See Notice of Removal* [ECF No. 1]; *see Johnson*, 437 F.3d at 899 ("an LLC is
10 a citizen of every state of which its owners/members are citizens.")  Moreover, the unrefuted
11 Declaration of Michael Tieva, previously filed in support of Northland and Science's Motion to
12 Dismiss, clearly evidences the non-Nevada citizenship of these defendants. [ECF No. 7-1, ¶¶ 3-8].

13      Finally, Northland and Science referenced directly from the Complaint Plaintiff's alleged
14 damages, alleged to be in excess of $1,000,000, which is above the statutory requirement of
15 $75,000. *See* 28 U.S.C. 1332(a).

16      **B.**    **NCH's Jurisdictional Allegations are Insufficient to Warrant Remand.**

17      NCH does not challenge Northland and Science's averments of citizenship or the amount
18 in controversy. *See generally, Motion to Remand* [ECF No. 15]. That shortcoming alone should
19 preclude granting the Motion. Instead, NCH argues that "the matter should be remanded based
20 upon the agreement to jurisdiction. . ." contained within the SP & NCH Affiliate Lead Agreement
21 (the "Agreement"). *See Motion to Remand* [ECF No. 15, at 5, ll. 10-12]. NCH then argues issues
22 related to personal jurisdiction, which are not at issue in its Motion. *Id.* [ECF No. 15, at 6, ll. 1-13].
23 Neither argument is compelling.

24      NCH claims that the matter should be remanded based upon an Agreement between NCH
25 and a wholly separate defendant, Sellers Playbook, Inc.[1] It is undisputed in this case that neither
26 Northland nor Science are  parties to the Agreement that NCH argues should form the foundation

27
28 ---
[1] A corporation which Plaintiff concedes is a Minnesota corporation with its principal place of business in Minnesota. *Johnson*, 437 F.3d at 899.

- 4 -

1  of the sought-after remand order. Neither Northland nor Science are parties to any agreement with any other party to this case that subjects either of them to jurisdiction or venue in Nevada. Even if they were somehow regarded as parties to the Agreement, which they are not, the same clearly provides that the forum agreed among its signatories is *either* the Eighth Judicial District Court of Nevada *or the federal courts located in the same location thereof*. *See Motion to Remand* [ECF No. 15, at 5, ll. 12-15]. Hence, even if for some reason the Court were to consider the terms of the Agreement in resolving NCH's Motion to Remand, it is clear that the parties to the Agreement agreed that the federal courts of the District of Nevada are a proper forum for the resolution of any underlying dispute.

Next, NCH argues that remand is appropriate because "Defendants and/or their representative owners have had systemic conduct and solicitation in the State of Nevada." *Id.* [ECF No. 15, at 6, ll. 8-10]. NCH's contrived legerdemain in applying a personal jurisdiction argument to issues of corporate citizenship is not only insufficient to support remand, but is a complete misapplication of the law.

Finally, NCH's weak suggestion that remand is somehow required so that the Eighth Judicial District Court can impose or enforce the ADR provisions of the Agreement is completely irrelevant to the removal/remand/diversity jurisdiction issues before the Court. Again, Northland and Science *are not parties* to the Agreement that NCH continuously references with no distinction among the several defendants in this case. Northland and Science have no obligation to participate in any ADR proceedings that may be required by an Agreement to which they are not parties. As such, this topic is simply a red herring that warrants none of this Court's attention.

NCH does not challenge that Northland and Science, or the individual members of Science, are citizens of the State of Minnesota and other jurisdictions. NCH does not challenge its own allegations as to the amount in controversy. As such, NCH presents no challenge to Northland's and Science's assertion of diversity jurisdiction. Therefore, the Motion should be denied.

///

///

///

### III. CONCLUSION

For the foregoing reasons, Northland and Science respectfully request that this Court deny the Motion to Remand to State Court in its entirety.

Dated: this 12th day of October, 2018        NEWMEYER & DILLION LLP

By: */s/Aaron D. Lovaas, Esq.*
AARON D. LOVAAS, ESQ. SBN 5701
DAVID L. EDELBLUTE, ESQ. SBN 14049
3800 Howard Hughes Pkwy, Suite 700
Las Vegas, Nevada 89169

Attorneys for Defendants
NORTHLAND MECHANICAL
CONTRACTORS, INC. and SCIENCE
CENTER DRIVE, LLC.

### CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **NORTHLAND MECHANICAL CONTRACTORS, INC and SCIENCE CENTER DRIVE, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT** via CM/ECF system to the following:

Kurt K. Harris, Esq.
Harris Law Firm
*Attorney for Plaintiff Nevada Corporate Headquarters, Inc.*
kharris@702law.com

Jason M. Wiley, Esq.
Ryan S. Petersen, Esq.
Wiley Petersen
*Attorneys for Defendants Matthew R. Tieva and Jessie C. Tieva*
jwiley@wileypetersenlaw.com
rpetersen@wileypetersenlaw.com

DATED: October 12, 2018

*/s/Yolanda C. Nance*
An employee of Newmeyer & Dillion LLP