UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEVADA CORPORATE HEADQUARTERS, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> SELERS PLAYBOOK, INC., et al., <br><br> Defendant(s). | Case No. 2:18-CV-1842 JCM (GWF) <br><br> ORDER |

Presently before the court is defendants Matthew Tieva and Jessie Tieva (collectively, "defendants") motion to dismiss. (ECF No. 50). Plaintiff Nevada Corporate Headquarters filed a response (ECF No. 51), to which defendants replied (ECF No. 53).

**I.     Background**

The facts of this case have been detailed in prior orders. *See, e.g.,* (ECF No 31). Plaintiff and Sellers Playbook entered into an agreement wherein plaintiff would pay Sellers Playbook for sales leads. (*Id.*) Defendants were the owners, incorporators, and corporate officers of Sellers Playbook, amongst other entities. (*Id.*) Notably, the contract was between plaintiff and Sellers Playbook, and defendant Matthew Tieva signed the contract in his capacity as president of Sellers Playbook. (*Id.*)

Allegedly, defendants diverted the funds received from this agreement to themselves and to the other corporate entities named in this matter, and then failed to provide the agreed upon leads. (*Id.*) Plaintiff then brought suit in state court in 2018 against Sellers Playbook, defendants, and the other alleged alter ego entities on a variety of claims including breach of contract and fraud. (ECF No. 1)

James C. Mahan
U.S. District Judge

Following removal to this court, the other alter ego entities, as well as the defendants filed a motion to dismiss on several grounds, including lack of personal jurisdiction. (ECF No. 7). This court denied that motion but directed plaintiff to conduct jurisdictional discovery. (ECF No. 20).

Instead, plaintiff filed a motion for partial summary judgment a few months later without engaging in any additional discovery. (ECF No. 23). While this court granted that motion in part as to the breach of contract claim against Sellers Playbook, it denied it as to all other claims and specifically noted the lack of jurisdictional discovery. (ECF No. 31).

In the nearly four intervening years since that order, there has been almost no movement on the docket. Plaintiff claims that all defendants have stonewalled any forward progress in this case, and it has filed a variety of unilateral motions to attempt to set a trial date. *See* (ECF No. 41). In response, defendants now move to dismiss the claims for lack of personal jurisdiction since plaintiff has failed to develop the evidentiary record beyond where it stood four years ago. (ECF No. 50).

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). To avoid dismissal under Rule 12(b)(2), a plaintiff bears the burden of demonstrating that its allegations establish a *prima facie* case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in the complaint must be taken as true, and factual disputes should be construed in the plaintiff's favor. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Personal jurisdiction is a two-prong analysis. First, an assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). Next, "[w]hen no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto*, 539 F.3d at 1015; *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). However, Nevada's "long-arm" statute applies to the full extent permitted by the due process clause, so the inquiry is the same, and the court need only address federal due process standards. *See Arbella Mut. Ins. Co. v. Eighth Judicial*

James C. Mahan
U.S. District Judge

- 2 -

*Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065); *see also Boschetto*, 539 F.3d at 1015.

Two categories of personal jurisdiction exist: (1) general jurisdiction and (2) specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

"[T]he place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (quotation marks and citation omitted). A court may also assert general jurisdiction over a defendant when the plaintiff shows that "the defendant has sufficient contacts that approximate physical presence." *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks and citations omitted). In other words, the defendant's affiliations with the forum state must be so "continuous and systematic" so as to render the defendant essentially "at home" in that forum. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). General jurisdiction is appropriate even if the defendant's continuous and systematic ties to the forum state are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414–16).

Alternatively, the Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (citations omitted)

**James C. Mahan**
**U.S. District Judge**

- 3 -

### III.  Discussion

Defendants move to dismiss this case for lack of personal jurisdiction. Because, after nearly five years of litigation, plaintiff has utterly failed to conduct any discovery to establish personal jurisdiction over defendants in their individual capacities, the court GRANTS defendants' motion.

Plaintiff's line of argument is predicated on the assumption that defendants are the alter ego of their corporation—Sellers Playbook. That presumption places the cart before the horse, however. To recount, this lawsuit stems from breach of a contract between two entities: plaintiff and Sellers Playbook. Defendants are corporate officers of Sellers Playbook, and the contract was signed by Matthew Tieva in his capacity as an officer. There is no evidence in the record that either of the defendants ever transacted business in their *personal* capacities.

A party can consent to personal jurisdiction through a forum selection clause in a contract. *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1406–1407 (9th Cir. 1994). When a court has jurisdiction over a business entity, the alter ego doctrine allows the court to exercise jurisdiction over that business entities' alter egos. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070–71 (9th Cir. 2015); *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984).

An alter ego relationship exists when (1) a corporation is influenced and governed by the alleged alter ego; (2) there is such unity of interest and ownership that one is inseparable from the other; and (3) adherence to the corporate fiction of a separate entity would sanction fraud or promote a manifest injustice. Nev. Rev. Stat. 78.747(2); *Lorenz v. Beltio Ltd.*, 963 P.2d 488, 496 (Nev. 1998). Similarly, a corporation can be the alter ego of an individual or other business entity. *LFC Marketing Groups, Inc. v. Loomis*, 8 P.3d 841, 847 (Nev. 2000) (recognizing reverse piercing).

It is undisputed that this court has jurisdiction over Sellers Playbook since Sellers Playbook executed the contract underlying the lawsuit, and that contract's forum-selection clause specifically names the Las Vegas courts (either federal or state). However, defendants are not a party to that agreement. Therefore, the question is whether this court may exercise jurisdiction over defendants as Sellers Playbook's alter egos.

James C. Mahan
U.S. District Judge

On at least two separate occasions, this court has determined that the record could not support a finding of alter ego in its then-current state. (ECF Nos. 20; 31). In the first of those orders, the court specifically instructed to plaintiff to engage in jurisdictional discovery. (ECF No. 20 at 9). In the nearly four intervening years, it does not appear that plaintiff has undertaken *any* jurisdictional discovery.

Taking each of plaintiff's arguments regarding jurisdiction in turn, it is clear that the record is bereft of any specific evidence as to this court's jurisdiction.

First, plaintiff argues that defendants consented to jurisdiction when Matthew Tieva signed the agreement and then proceeded to do business in the state. Again, the Tievas themselves are not parties to this agreement, and an agreement binds only the parties involved.

The fact that defendants, as corporate officers, filed documents in the state related to the corporation, conducted the corporation's business in the state, and signed a contract on behalf of the corporation in the state means nothing as to the court's jurisdiction over them in their personal capacities. *See Hoag v. Sweetwater Int'l*, 857 F. Supp. 1420, 1426 (D. Nev. 1994). "The corporate form serves as a shield for the individuals involved for purposes of liability as well as jurisdiction." *Davis v. Metro Prods. Inc.*, 885 F.2d 515, 520 (9th Cir. 1989).

Second, plaintiff states: "While it is true that MATTHEW TIEVA signed as President, he has provided no accounting or proof that the funds did not go directly to him and his wife, JESSIE TIEVA, individually," and therefore this court has jurisdiction over defendants in their personal capacities. (ECF No. 51 at 5) (capitalization in original). As the court understands this argument, it claims that because defendants have not provided evidence that they are not the alter egos of Sellers Playbook, this court may exercise jurisdiction.

Plaintiff misapprehends the burden of proof. As the party invoking the court's jurisdiction, it must affirmatively prove that jurisdiction. *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936). Unless it proves that Sellers Playbook and defendants are alter egos, it has not satisfied its burden of proving that defendants have availed themselves of this forum.

Nowhere in its response does plaintiff analyze the alter ego factors. It simply assumes, without proving, that an alter ego relationship exists. Plaintiff was given an opportunity to conduct

James C. Mahan
U.S. District Judge

- 5 -

jurisdictional discovery and prove that an alter ego relationship exists. *See, e.g.*, (ECF No. 20 at 9). Instead, it chose to file a motion for summary judgment a few months later after conducting no discovery (ECF Nos. 23; 31), and then sit on its hands for years while letting this matter languish on the court's docket.

Plaintiff can continue to repeat the same arguments as often as it wishes. But regardless of how many times it repeats its refrain of "alter ego," there is no evidence to support that assertion other than its own *ipse dixit*. Since plaintiff has squandered its opportunity to prove otherwise, the court sees no evidence allowing it to exercise jurisdiction over defendants in their individual capacities. The court thus GRANTS defendants' motion and dismisses all claims against them due to lack of personal jurisdiction.

Further, based on review of the docket, it does not appear that plaintiff has ever served defendants Sellers Online, Sellers Systems, and Exposure Marketing Company. As far as the court can tell, plaintiff has expressed no interest in pursuing any claims it may have against these entities.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 50) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that all claims against Matthew and Jesse Tieva be, and the same hereby are, DISMISSED for lack of personal jurisdiction.

IT IS FURTHER ORDERED that plaintiff shall SHOW CAUSE within seven (7) days of this order why Sellers Online, Sellers Systems, and Exposure Marketing Company should not be dismissed for failure to serve. The response to the show cause order shall also include a summary of what claims, if any, remain active in this matter.

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that plaintiff's proposed pretrial order (ECF No. 52) is DENIED in light of this order, and further instruction regarding a potential pretrial order may follow plaintiff's response to the show cause order.

DATED April 5, 2023.

_____
UNITED STATES DISTRICT JUDGE